UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LISA LORENZANO

          Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant.

No. 2:13-cv-03134-FVS

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT

      BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 14, 17.) Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney Franco L. Becia represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

## JURISDICTION

      Plaintiff Lisa Lorenzano (plaintiff) protectively filed for supplemental security income (SSI) and disability income benefits (DIB) on October 20, 2010. (Tr. 152, 160, 175.) Plaintiff alleged an onset date of June 6, 2010. (Tr. 152, 160, 175.) Benefits were denied initially and on reconsideration. (Tr. 97,104.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Stephanie Martz on August 1, 2012. (Tr. 31-62.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 34-53.) Vocational expert Roni Lenore also testified. (Tr. 53-61.) The ALJ denied benefits (Tr. 11-24) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

      The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

      Plaintiff was 39 years old at the time of the hearing. (Tr. 47.) The highest grade she reached in school was ninth grade. (Tr. 35.) She has work experience as a bank teller, grocery

cashier, case manager, daycare provider, bingo runner, and restaurant server. (Tr. 37-38.) She testified that many things prevent her from working. (Tr. 39.) She has a heart condition which causes her to get hot flashes and pass out depending on how hard she works. (Tr. 39.) She takes medication for depression. (Tr. 40.) She would rather be at home because she cannot socialize with people. (Tr. 40.) She gets confused when she talks to people. (Tr. 40.) She has trouble remembering what she says. (Tr. 41.) She has arthritis in her neck and lower back, hepatitis C, is deaf in her left ear, and is blind without her glasses. (Tr. 41.) Hepatitis C causes her to be very moody, emotional, and self-isolating. (Tr. 42.) She has sleep difficulties. (Tr. 42.) She vomits due to pain in her back and neck. (Tr. 42.) She takes pain medication but it does not help. (Tr. 42.) She has pain in her hands and feet due to tendonitis and arthritis. (Tr. 43.) She gets dizzy and faints a lot when she walks too much. (Tr. 43.) She is in pain every day. (Tr. 48.) She has migraine headaches almost every day. (Tr. 50-51.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since June 6, 2010, the alleged onset date. (Tr. 13.) At step two, the ALJ found plaintiff has the following severe impairments: history of endocarditis/valvular heart disease; history of hepatitis C; depression; anxiety; posttraumatic stress disorder (PTSD); obsessive-compulsive disorder; alcohol dependence in remission; cocaine dependence in remission; heroin dependence in remission; and mild cervical degenerative disc disease. (Tr. 13.) At step three, the ALJ found plaintiff does not have an impairment or combination of

impairments that meets or medically equals the severity of one of the listed impairments in 20

C.F.R. Part 404, Subpt. P, App. 1. (Tr. 15.) The ALJ then determined:

> [C]laimant has the physical residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with some additional limitations. The claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit about six hours and stand and/or walk about six hours in an eight-hour day with regular breaks. The claimant can push and pull within these exertional limits. She has unlimited ability to balance. The claimant can frequently stoop; occasionally crawl, crouch, kneel; and occasionally climb ramps and stairs but never ladders, ropes, or scaffolds. She must avoid concentrated exposure to extreme cold, extreme heat, wetness, vibration, and hazards. The claimant is able to understand, remember, and carry out simple instructions, one thing at a time at a modest pace. She can have brief superficial contact with coworkers and the general public.

(Tr. 17.) At step four, the ALJ found plaintiff is unable to perform any past relevant work. (Tr.

22.) After considering plaintiff's age, education, work experience, and residual functional

capacity, the ALJ determine there are jobs that exist in significant numbers in the national

economy that plaintiff can perform. (Tr. 23.) Thus, the ALJ concluded plaintiff has not been

under a disability as defined in the Social Security Act from June 6, 2010, through the date of the

decision. (Tr. 24.)

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free

of legal error. Specifically, plaintiff asserts the ALJ erred by: (1) improperly rejecting the

opinions of treating and examining medical providers; (2) finding plaintiff's statements

concerning the intensity, persistence, and limiting effects of her symptoms were not credible; (3)

determining plaintiff's residual functional capacity without properly considering the opinions of

medical providers; and (4) relying on the vocational expert's response to a hypothetical that does

not accurately reflect plaintiff's limitations. (ECF No. 14 at 7-18.) Defendant argues: (1) the

credibility finding was based on legally sufficient reasons; (2) the ALJ properly considered and

addressed the medical evidence; (3) the ALJ properly determined plaintiff's RFC and formulated

a valid vocational hypothetical. (ECF No. 17 at 7-26.)

## DISCUSSION

**1.    Credibility**

Plaintiff argues the ALJ erred by finding her statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible. (ECF No. 14 at 12-14.) In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.

Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of the symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). If there is evidence of a medically determinable impairment likely to cause an alleged symptom and there is no evidence of malingering, the ALJ must provide specific and cogent reasons for rejecting a claimant's subjective complaints. *Id.* at 346. The ALJ may not discredit pain testimony merely because a claimant's reported degree of pain is unsupported by objective medical findings. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). The following factors may also be considered: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) claimant's daily living activities; (4) claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of claimant's condition. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).

If the ALJ finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony. *Morgan v. Apfel*, 169 F.3d 595, 601-02 (9th Cir. 1999). In the absence of affirmative evidence of malingering, the ALJ's reasons must be "clear and convincing." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1038-39 (9th Cir. 2007); *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *Morgan*, 169 F.3d at 599. The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)(citation omitted). Recent cases have held that a negative credibility finding must be supported by "specific, clear and convincing" reasons when there is no evidence of malingering. *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012).

The ALJ found plaintiff's medically determinable impairments could possibly cause some of the alleged symptoms, but plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms are not credible. (Tr. 18.) The ALJ cited several reasons as the basis for the credibility determination. (Tr. 18-20.)

The first reason cited by the ALJ for rejecting plaintiff's complaints is they are inconsistent with the psychological and physical medical evidence. (Tr. 18.) An ALJ may not discredit a claimant's pain testimony and deny benefits solely because the degree of pain alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). However, the medical evidence is a relevant factor in determining the severity of a claimant's pain and its disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2); *see also* S.S.R. 96-7p. Minimal objective evidence is a factor which may be relied upon in discrediting a claimant's testimony, although it may not be the only factor. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Regarding plaintiff's claims of mental limitations, the ALJ pointed out Dr. Doughterty concluded in 2011 that plaintiff can understand, remember and follow simple directions, consistent with Dr. Toews' 2007 evaluation.[1] (Tr. 18.) Reviewing psychologists Dr. Forsyth and Dr. Robinson determined plaintiff can understand, remember, and perform short and simple instructions and that her contact with coworkers and the public should be brief and superficial.

---

[1] Plaintiff takes issue with the ALJ's reference to Dr. Towes' 2007 psychological evaluation because it occurred before the alleged onset date. (ECF No. 14 at 13.) The ALJ acknowledged the evaluation was "well before" the alleged onset date, but noted it is consistent with evaluations completed after the alleged onset date. (Tr. 18.) Although Dr. Toews' opinion may be of limited value for assessing claimant's limitations during the relevant period, it is appropriate for the ALJ to compare the Dr. Toews' findings and opinion to later reports in evaluating the evidence.  However, although Dr. Toews noted test results suggestive of malingering (Tr. 329) and reviewing psychologist Dr. Bailey diagnosed "malingering probable" based on those results (Tr. 311), this is not sufficient evidence for a finding of malingering during the relevant period, as defendant urges. (ECF No. 17 at 9-10.) Regardless, the ALJ cited clear and convincing reasons for the negative credibility determination.

1  (Tr. 72-74, 87-89.) Dr. Robinson further opined plaintiff needs simpler tasks to be performed at a
2  modest pace, one task at a time. (Tr. 89.) The ALJ concluded treatment records are consistent
3  with these opinions which indicate plaintiff's mental impairments are not disabling. (Tr. 18.)
4  Plaintiff sought treatment for depression from ARNP Liu in August 2011. (Tr. 505.) The ALJ
5  noted plaintiff reported a variety of symptoms but Mr. Liu's exam revealed normal affect, no
6  anhedonia, agitations or anxiety and normal attention span and concentration. (Tr. 507.) In
7  November 2011, plaintiff had a depressed affect and her symptoms were rated "moderately
8  severe" based on a survey completed by plaintiff, but on exam plaintiff showed normal
9  judgment, attention span, and concentration. (Tr. 502.) The ALJ also pointed out that other than
10  appointments for medication refills, plaintiff did not seek any other mental health treatment,
11  indicating her condition is not severe enough to require specialized treatment. (Tr. 18.) The ALJ
12  is permitted to consider the claimant's lack of treatment in making a credibility determination.
13  *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

14      Regarding plaintiff's claims of physical limitations, the ALJ pointed out reviewing
15  physicians Dr. Stevick and Dr. Hale opined plaintiff is capable of light work with some postural
16  and environmental limitations. (Tr. 19, 70-72, 85-87.) In January 2011, Dr. Merrill noted it was
17  difficult to examine plaintiff's knees due to guarding, but found nothing specific on exam and
18  her gait was benign. (Tr. 299.) X-rays revealed mild joint space narrowing in the left knee and no
19  findings in the right knee. (Tr. 301.) There was no overt evidence of liver failure and the only
20  objective evidence of her heart condition was a murmur. (Tr. 299.) Dr. Merrill made no findings
21  regarding plaintiff's back, which the ALJ reasonably interpreted as indicating no problems were
22  evident during the exam. (Tr. 19.) In May 2011, Mr. Liu found full range of motion in all areas
23  except mild tenderness and mild limitation on range of motion in plaintiff's neck. (Tr. 292-93.)
24  All other exams for neck pain were normal. (Tr. 293.) Dr. Espiritu opined plaintiff can perform
25  light duty work in May 2012 after finding her heart disease is stable and asymptomatic, she has
26  no abnormalities in her spine and has full range of motion in all extremities. (Tr. 19, 529.) The
27  ALJ observed that plaintiff is not on any cardiac medication or undergoing treatment for her liver
28  condition[2] and that none of her doctors expressed significant concern about either of these

---

[2] Plaintiff argues "the record clearly demonstrates that Ms. Lorenzano is not able to afford
medical treatment." (ECF No. 18 at 4.) Disability benefits may not be denied because of the

conditions, suggesting they are not disabling. (Tr. 19.) The ALJ cited evidence reasonably supporting the conclusion that plaintiff's complaints are not consistent with the medical evidence.

The ALJ also found plaintiff's credibility is undermined by other factors. (Tr. 19-20.) The ALJ cited examples of inconsistent statements about plaintiff's weight gain and loss. (Tr. 19.) In making a credibility evaluation, the ALJ may rely on ordinary techniques of credibility evaluation. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). A strong indicator of credibility is the consistency of the individual's own statements made in connection with the claim for disability benefits and statements made to medical professionals. S.S.R. 96-7p. Plaintiff testified she vomits a lot[3] and lost 65 pounds in the year preceding the hearing. (Tr. 42.) However, the ALJ pointed out the record shows plaintiff weighed 135 pounds in March 2005 (Tr. 392), 132 pounds in February 2007 (Tr. 338), 116 to 118 pounds in 2011 (Tr. 292, 295, 298), and 120 pounds in February 2012 (Tr. 485). Plaintiff's weight overall was relatively stable and inconsistent with her testimony that she lost 65 pounds. (Tr. 20.) The difference between plaintiff's testimony and the record was reasonably considered by the ALJ as evidence that

---

claimant's failure to obtain treatment he cannot obtain for lack of funds. *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995). However, a claimant's failure to assert a good reason for not seeking treatment can cast doubt on the sincerity of the claimant's pain testimony. *Fair*, 885 F.2d at 603. Plaintiff points out she testified she cannot afford treatment for hepatitis C and made similar reports to providers regarding hepatitis C treatment and cardiac follow-up. (ECF No. 18 at 4-5, Tr. 41, 279, 282-83.) Notwithstanding, the ALJ reasonably concluded that none of plaintiff's providers expressed concern that she was not receiving treatment.

[3] Plaintiff points to a June 6, 2010 (before the alleged onset date) treatment record indicating she complained intermittent vomiting for one month and severe constipation. (ECF No. 18 at 6, Tr. 254.) She was advised to adhere to a strict bowel protocol and prescribed a laxative. (Tr. 255.) She was instructed to seek additional care if symptoms got worse or did not improve. (Tr. 255.) Plaintiff points to no other complaints of vomiting in the record and there is no evidence the vomiting did not improve. Thus, this evidence does not contradict the ALJ's point that plaintiff appears to have exaggerated her symptoms, particularly with respect to weight loss.

plaintiff exaggerates her symptoms in the context of seeking disability benefits. (Tr. 20.) This is a clear and convincing reason for rejecting plaintiff's testimony.

The ALJ next observed plaintiff gave inconsistent information regarding substance abuse. (Tr. 20.) Conflicting or inconsistent testimony concerning alcohol or drug use can contribute to an adverse credibility finding. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002); *Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999). Plaintiff testified she only used drugs as a teenager. (Tr. 20, 50.) At a disability evaluation in January 2011 she denied a significant history of alcohol abuse. (Tr. 406.) However, the ALJ observed plaintiff reported more recent drug and alcohol use on several occasions. (Tr. 268, 290, 391.) The ALJ reasonably determined plaintiff's lack of candor regarding substance abuse undermines her credibility.

Another inconsistency noted by the ALJ involves plaintiff's reports of self-care. (Tr. 15.) The ALJ observed plaintiff testified she does not bathe every day and has no energy. (Tr. 15, 46-47.) At the hearing, plaintiff agreed it was hard for her to bathe. (Tr. 46.) She said she cleans herself with a rag, but tries to bathe twice a week. (Tr. 46.) She said she used to bathe every day. (Tr. 47.) However, the ALJ pointed out that in September 2007, plaintiff was living alone and completely independent in self-care. (Tr. 328.) In February 2011, plaintiff was independent in self-care and reported no significant difficulty with daily activities. (Tr. 15, 272-73.) In fact, plaintiff told Dr. Dougherty she can dress, bathe and groom herself okay but noted, "She may go 2 days without bathing in the winter because her skin gets dry." (Tr. 272.) The difference between plaintiff's reports to providers and her description of self-care at the hearing was reasonably interpreted by the ALJ as suggesting exaggeration of symptoms.

Substantial evidence supports the ALJ's credibility finding which was based on clear and convincing reasons. As a result, there is no error.

**2.    Dr. Ho**

Plaintiff argues the ALJ improperly rejected the opinion of Dr. Ho, an examining physician. (ECF no. 14 at 7-10.) In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for

"specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair*, 885 F.2d at 604.

If a treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). However, if contradicted, the ALJ may reject the opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F.3d 1453, 1463 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

Dr. Ho examined plaintiff and prepared a report in February 2011. (ECF No. 278-84.) Dr. Ho diagnosed history of endocarditis with heart murmur; hepatitis C with fatigue; and arthritis of the hands and knees. (Tr. 282.) Dr. Ho found plaintiff's knee joint flexion was normal and the knees were non-tender to palpation, and plaintiff's wrists and fingers had normal range of motion. (Tr. 281-82.) Muscle strength was 5/5 bilaterally for upper and lower extremities, except for hand grips which were 4 to 4+/5. (Tr. 282.) Dr. Ho noted plaintiff's hands were swollen. She diagnosed history of endocarditis with heart murmur and hepatitis C with fatigue, and arthritis of the hands and knees. (Tr. 282.) Dr. Ho assessed limitations consistent with work at a sedentary level, including limitations on standing, walking, sitting, lifting, carrying, postural limitations including limitations on kneeling, crouching and stooping, and manipulative limitations on reaching, handling and fingering. (Tr. 21, 283.)

The ALJ gave no weight to Dr. Ho's opinion for two reasons. (Tr. 21.) First, the ALJ observed that Dr. Ho diagnosed plaintiff with arthritis despite the absence of objective findings of the condition on exam. (Tr. 21.) A medical opinion may be rejected if it is unsupported by medical findings. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir.1992). Second, the ALJ concluded Dr. Ho's findings

were based on plaintiff's subjective complaints which were properly rejected with clear and convincing reasons supported by substantial evidence. (Tr. 21.) A physician's opinion may be rejected if it is based on a claimant's subjective complaints which were properly discounted. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001); *Morgan v. Comm'r*, 169 F.3d 595 (9th Cir. 1999); *Fair*, 885 F.2d at 604. The only finding in Dr. Ho's report which reasonably support the diagnosis of arthritis is the finding of some hand grip weakness and hand swelling. (Tr. 283.) However, the ALJ pointed out there is no other objective evidence of arthritis in the record and all of Dr. Ho's other findings were essentially normal. (Tr. 21.) Furthermore, the ALJ pointed out Dr. Ho's conclusions are not consistent with the findings of other providers in the record. (Tr. 15, 21, 408, 445-47, 520.) An ALJ may consider the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). The ALJ reasonably concluded that Dr. Ho's findings are not supported elsewhere in the record and are be based primarily on plaintiff's complaints which were found to be not credible. The ALJ provided specific, legitimate reasons supported by substantial evidence which reasonably justify rejection of Dr. Ho's opinion.

Plaintiff argues other evidence in the record supports Dr. Ho's diagnosis of arthritis and assessment of limitations. (ECF No. 14 at 9.) Plaintiff points to the January 2011 x-ray showing mild joint space narrowing in plaintiff's left knee, but there is nothing in the record that ties this to an arthritis diagnosis or any functional limitation. (ECF No. 14 at 9, Tr. 301.) Plaintiff also points to the DSHS functional assessment form completed by Dr. Merrill who opined plaintiff has limitations on standing, sitting and lifting. (Tr. 400-01.) Dr. Merrill's opinion was rejected by the ALJ because Dr. Merrill did not provide any basis for the limitations assessed and because the objective medical evidence did not support the assessment. (Tr. 22.) The ALJ pointed out Dr. Merrill's examination of plaintiff and the x-rays were essentially normal. (Tr. 22, 297.) These are specific, legitimate reasons for rejecting Dr. Merrill's opinion and they are not challenged by plaintiff. As a result, Dr. Merrill's opinion does not provide further support for Dr. Ho's findings.

Plaintiff also argues the opinion of Dr. Deutsch supports Dr. Ho's diagnosis and assessment of limitations. (ECF No. 14 at 9.) Dr. Deutsch completed a Certification for Medicaid form in September 2011. (Tr. 307.) The opinion is four sentences with no explanation regarding

the findings or exam notes that are the basis for the conclusions. (Tr. 307.) The ALJ a gave Dr. Deutsch's opinion no weight because it is inconsistent with Dr. Dalton's Certification for Medicaid form completed in July 2011. (Tr. 22, 304.) Dr. Dalton recommended denial of GAX and opined the claimant is "SSI denial." (Tr. 304.) The ALJ pointed out there were no new findings between July and September evidencing a worsening of symptoms which would justify Dr. Deutsch's opinion of greater limitations. (Tr. 22.) It is the ALJ's duty to resolve conflicts and ambiguity in the medical and non-medical evidence. *See Morgan v. Commissioner*, 169 F.3d 595, 599-600 (9th Cir. 1999). The ALJ reasonably resolved the conflict between Dr. Dalton's opinion and Dr. Deutsch's opinion. Since the ALJ adequately rejected Dr. Deutsch's opinion, it does not provide any support for Dr. Ho's conclusions.

The ALJ provided specific, legitimate reasons supported by substantial evidence for rejecting Dr. Ho's opinion. Even if some of the evidence cited by plaintiff conflicts with the ALJ's conclusions, the ALJ reasonably considered and resolved the conflicts. As a result, there is no error.

### 3.    Edward Liu, ARNP

Plaintiff argues the ALJ improperly rejected the opinion of Mr. Liu, a treating provider. (ECF No. 14 at 10-12.) The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." 20 C.F.R. §§ 404.1527, 416.927; *Gomez v. Chater*, 74 F.3d 967, 970-71 (9th Cir. 1996). "Other sources" include nurse practitioners, physicians' assistants, therapists, teachers, social workers, spouses and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). However, the ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987). Non-medical testimony can never establish a diagnosis or disability absent corroborating competent medical evidence. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Pursuant to *Dodrill v. Shalala*, 12 F.3d 915 (9th Cir. 1993), an ALJ is obligated to give reasons germane to "other source" testimony before discounting it. Since an ARNP is an "other source" under the regulations, germane reasons are required to reject Mr. Liu's opinion.

Mr. Liu completed a DSHS functional assessment form in May 2011. (Tr. 44-41.) He opined plaintiff's work function is impaired and that she is limited to sitting and standing one to two hours per day and to lifting less than 10 pounds. (Tr. 440.) Mr. Liu indicated there are

postural and gross and fine motor restrictions but did not identify them. (Tr. 441.) In August 2011, Mr. Liu completed a Medical Report form and indicated plaintiff does not need to lie down during the day. (Tr. 302.) Mr. Liu opined plaintiff would more probably than not miss some work but did not indicate how often. (Tr. 302.) He noted, "Uncontrolled depression may potentially contribute to missing work." (Tr. 302.) In January 2012, Mr. Liu completed another Medical Report form. (Tr. 518.) He again indicated plaintiff does not need to lie down during the day and this time opined plaintiff would not be likely to miss some work due to medical impairment. (Tr. 518.) He commented, "Patient's most significant medical problem is mild narrowing of cervical spine, which is not disabling." (Tr. 518.)

The ALJ gave no weight to Mr. Liu's opinions for several reasons. (Tr. 21.) The ALJ found the limitations assessed by Mr. Liu are not consistent the longitudinal record, his own exam findings, or his own assessments. (Tr. 22.) An ALJ may discredit treating source opinions that are unsupported by the record as a whole or by objective medical findings. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). A medical opinion may be rejected by the ALJ if it is conclusory, contains inconsistencies, or is inadequately supported. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009); *Thomas*, 278 F.3d at 957. With respect to the May 2011 opinion, the ALJ observed that Mr. Liu gave no basis for the restrictions on sitting and standing. (Tr. 21.) The ALJ also pointed out it is not consistent with his concurrent exam findings which revealed reports of only mild cervical pain and otherwise normal findings. (Tr. 21-22, 292-93.) The ALJ noted the August 2011 opinion mentions only depression and does not mention any physical problems. (Tr. 22, 302.) Further, the ALJ pointed out the May and August 2011 opinions are inconsistent with the January 2012 opinion which indicates plaintiff's impairments would not prevent her from working. (Tr. 22, 518.) These reasons are supported by the record and are germane to Mr. Liu's findings. As a result, the ALJ reasonably rejected Mr. Liu's opinions.

Plaintiff argues a May 2011 x-ray showing mild neural foraminal narrowing supports Mr. Liu's findings. (ECF No. 18 at 9, Tr. 484.) Notwithstanding the May 2011 x-ray, three months later, Mr. Liu completed an assessment with no indication that plaintiff had any physical limitations. (Tr. 302.) Five months later, in January 2012, Mr. Liu opined plaintiff's "most significant medical problem is mild narrowing of cervical spine, which is not disabling." (Tr. 518.) Thus, the x-ray does not negate the ALJ's conclusion that Mr. Liu's reports are inconsistent

with each other which is a germane reason for rejecting the opinions. Furthermore, Mr. Liu's January 2012 opinion suggests the x-ray is evidence of a non-disabling condition, consistent with the ALJ's conclusion. The ALJ did not err in evaluating Mr. Liu's opinions.

**4.      RFC and Hypothetical**

Plaintiff argues the ALJ erred by determining her RFC without considering the opinions of her medical providers and therefore relied upon the vocational expert's response to a hypothetical that does not accurately reflect plaintiff's limitations. (ECF No. 14 at 14-18.) The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The ALJ is not bound to accept as trued the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240 F.3d at 1164; *Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as they are supported by substantial evidence, even when there is conflicting medical evidence. *Magallenes*, 881 F.2d at *id.*

Plaintiff argues the ALJ should have included limitations identified by Dr. Ho, Mr. Liu, and Dr. Deutsch in the RFC and hypothetical. (ECF No. 14 at 14-18.) Plaintiff's arguments are based on the assumption that the ALJ erred in considering the medical opinion evidence. The ALJ's reasons for rejecting the opinions of Dr. Ho, Mr. Liu, and Dr. Deutsch were legally sufficient and supported by substantial evidence, discussed *supra*. The ALJ therefore properly excluded limitations assessed by those providers from the RFC and hypothetical to the vocational expert. The hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See id.*; *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005). Therefore, the ALJ did not err.

Plaintiff also briefly argues that Dr. Merrill assessed limitations which were not included in the RFC and hypothetical. (ECF No. 14 at 15.) Plaintiff references Dr. Merrill's check-box finding that plaintiff has "gross or fine motor skill restrictions" and suggests this supports a handling limitation. (ECF No. 14 at 15, Tr. 401.) However, although the form completed by Dr. Merrill prompts a description of any such limitations, Dr. Merrill failed to describe any

1    restrictions. (Tr. 401.) Plaintiff did not complain of any hand problems to Dr. Merrill and his

2    exam notes make no mention of any handling issues or concerns. (Tr. 297-99.) Thus, there is no

3    evidence that Dr. Merrill identified any problems with plaintiff's hands or intended to assess a

4    handling limitation. The ALJ therefore properly excluded such a limitation from the RFC.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

1

**CONCLUSION**

2        Having reviewed the record and the ALJ's findings, this court concludes the ALJ's

3   decision is supported by substantial evidence and is not based on error.

4        **IT IS ORDERED:**

5        1.        Defendant's Motion for Summary Judgment **(ECF No. 17)** is **GRANTED.**

6        2.        Plaintiff's Motion for Summary Judgment **(ECF No. 14)** is **DENIED**.

7        The District Court Executive is directed to file this Order and provide a copy to counsel

8   for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be

9   **CLOSED**.

10       DATED March 18, 2015

11

12                            ___*s/ Fred Van Sickle*___
                             Fred Van Sickle
13                    Senior United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 17